UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 12-01305 DMG (DTBx)** | Date | November 2, 2012 |
|---|---|---|---|

| Title | ***BankUnited v. Anthony Spence, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On April 26, 2012, Plaintiff BankUnited filed a complaint in San Bernardino County Superior Court for unlawful detainer against Defendants Anthony L. Spence, Gloria Spence, and Jonathon Garrett.  Defendant Anthony Spence removed the case to this Court once before on June 19, 2012, asserting federal subject matter jurisdiction.  *BankUnited v. Anthony Spence, et al.*, No. 12-CV-01008 (C.D. Cal. June 19, 2012) (Notice of Removal).  On July 11, 2012, this Court remanded the action to San Bernardino County Superior Court on both procedural and substantive grounds, finding that the Court lacked jurisdiction because the only federal questions at issue lay in asserted defenses and not on the face of the complaint.  *Id.* (July 11, 2012 Order).

Defendant Spence filed a second Notice of Removal on August 7, 2012 [Doc. # 1], which is the basis for the present action.  Much of the Notice of Removal merely repeats the grounds for removal asserted previously.  A second removal notice based on the same grounds as the first is invalid.  *See Seedman v. United States Dist. Ct. for Central Dist. Of Calif.*, 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not reinvest the court's jurisdiction.") (internal citation omitted).

To the extent Defendant Spence also bases the current removal on diversity of citizenship, *see* 28 U.S.C. § 1332(a), the removal remains improper.  Defendant Spence submits that Plaintiff is a citizen of Florida and that all Defendants are citizens of California, and that the actual amount in controversy is the amount of unpaid debt associated with the disputed property, or $629,849.46.  *See* Notice of Removal at 6; Exh. C.  Assuming, *arguendo*, that the action satisfies the requirements for removal under Section 1332(a), Defendant Spence may not remove the action because he is a citizen of California, the state in which the action is brought.  28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  Moreover, even if the Court's previous finding did not foreclose the present removal, removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 12-01305 DMG (DTBx)** | Date | November 2, 2012 |
| Title | *BankUnited v. Anthony Spence, et al.* | Page | 2 of 2 |

was untimely because Defendant Spence filed the Notice of Removal more than 30 days after service of the complaint. *See* 28 U.S.C. § 1446(b).

In light of the foregoing, this action is hereby **REMANDED** to San Bernardino County Superior Court. Any future improper removal of the same or similar action shall result in the imposition of monetary sanctions upon the removing parties. The November 30, 2012 Scheduling Conference is **VACATED**.

**IT IS SO ORDERED.**